## W. F. McNurlen v. The State.

No. 21727.  Delivered November 12, 1941.

The opinion states the case.

*W. D. R. Owen,* of Eastland, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the theft of an automobile over the value of $50.00, and given a term of two years in the penitentiary.

This was a case of circumstantial evidence, rather confusing, and certainly peculiar in its nature. The testimony shows that Raymond Turner owned and ran the Travelers' Cafe in Ranger. That on the night of December 13, 1940, on that night he testified: "I saw a fellow that resembles the defendant very much, if it was not him. I could be mistaken. There may be one chance out of a thousand I am mistaken in the man." On that night Fred Napier and "his bunch" were in the cafe, and some four boys from Gorman were also in such cafe. The witness Turner then saw a man he took to be appel-

lant come by on the outside of the cafe and look in through the window, then pass by the door and look in the cafe; soon thereafter this man again passed by the cafe and looked in the window. The boys from Gorman then left, and some few minutes thereafter Napier and "his bunch" left the cafe and found out that Napier's car had been stolen, and reported such theft to the police. At some later time the same night this same man, who had looked in the window, came back by the cafe and passed in front of it. A short time after this last appearance witness Turner and his wife went down to a filling station and there saw and identified appellant as the same man they had seen looking into the window of the cafe. Appellant was muddy and told the officers that he was with Red Dawson and his wife in their car out about two miles from town and were stuck in the mud. The officers then took him with them, and on the way out to the Dawson car appellant first told the officers that there was another car out at the point where the Dawson car was, which other car they had tried to get out of the mud and were unsuccessful. He soon changed this story by saying that the second car had been flagged down by himself, and in attempting to push the Dawson car out of the mud the second car also was stuck, and the driver thereof had gotten out of such car and gone over towards some tanks in a field. When the officers arrived at the cars they found Red Dawson and his wife in the Dawson car, and the stolen car just behind the Dawson car, both cars mired down in the mud. It was a cold night, and Mrs. Dawson was wrapped up in a blanket taken from the stolen car, and some of the tools belonging in the stolen car were found in the Dawson car. The Dawsons and appellant were then taken to the nearby town of Ranger and locked up in jail. This is practically all the testimony offered by the State, and in our judgment we do not think it is sufficient, under the doctrine of circumstantial evidence, to base belief beyond a reasonable doubt and to a moral certainty that appellant, and no other, stole this automobile. The possession of the personal property taken out of the automobile was found in another. In truth others than appellant were found within close proximity to the stolen car, and we do not think that appellant's peculiar actions in looking through the window of the cafe about the time of the theft of the car is a sufficiently strong circumstance to say that such, taken with other later shown circumstances, warrants belief of a conclusive nature that he was the thief.

We do not think the peace officers should be allowed to testify that appellant's appearance fitted the description given to them by the cafe owner and his wife of the man who looked into the cafe window. Such was merely their conclusion, but of course they could describe how appellant looked, his clothing, etc. See Jackson v. State, 20 Tex. Cr. App. 190-193.

On account of the insufficiency of the testimony the judgment is reversed and the cause remanded.